Dear Mr. Cedars:
This office is in receipt of you recent request for an opinion of the Attorney General, which has been assigned to the undersigned for response. As general counsel for the St. Martin Parish School Board (the "Board"), you have requested an opinion of this office regarding the legality of the Board's financial participation in an economic development endeavor known as the St. Martin Parish Economic Development Authority ("SMEDA").
According to your correspondence, SMEDA was organized as a non-profit corporation by the Board, the City of Breaux Bridge, the city of St. Martinville, the Village of Parks, and the St. Martin Parish Police Jury for the purpose of engaging in economic development in accordance with Louisiana's Cooperative Economic Development Law (LSA-R.S. 33:9020, et. seq.) Each of the governmental entities that participates in SMEDA appoints one or two members of SMEDA's Board of Directors and contributes an annual stipend to defray the cost of operating SMEDA.
Although the Board has participated in SMEDA since its inception, the Board now questions whether or not it can continue to do so, in light of La. Const. Art. VII, Sec. 14.
As I am sure you are aware, La. Const. Art. VII, Sec. 14 generally prohibits the loan, pledge, or donation of the funds or assets of the state or any political subdivision "to or for any person, association, or corporation, public or private."
Art. VII, Sec 14 has been interpreted by the Louisiana Supreme Court City of Port Allen v. Louisiana Municipal Risk Agency,439 So.2d 399 (La. 1983), which held that this constitutional provision is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so. In City of Port Allen, supra, the Court stated: ". . . even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporations or to individuals merely for a `public purpose'."
This office is unaware of any provision of law that would obligate or authorize utilization of funds entrusted to a school board, for educational purposes, to be expended on economic development. In fact, this office has, on at least two prior occasions, determined that school boards cannot engage in economic development. See: Attorney General's Opinions Nos. 97-408 and 92-536. Therefore, in light of the Supreme Court's decision in City of Port Allen, it is the opinion of this office that the Board is constitutionally prohibited from financial participation in SMEDA.
Please note that this opinion is not an indication of our disapproval of the Board's interest in improving St. Martin Parish. On the contrary, this office is supportive of all local improvement and economic development projects. We note, however, that the worthiness of the contemplated use of public funds is immaterial to the constitutionality of a transfer of public funds. See: James v. Rapides Parish Police Jury, 113 So.2d 88 (La.App. 2nd Cir. 1959), which interpreted a constitutional provision almost identical to the present Article VII, Section 14.
We trust the foregoing to be of assistance. Should the District Attorney's Office or the St. Martin Parish School Board need further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:dra